**STATE, ex rel SEKULA, Relator, v. INDUSTRIAL COMMISSION et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 5154. Decided November 18, 1954.

Traxler and Beil, Youngstown, for relator.

Hon. C. William O'Neill, Attorney General, Paul Tague, Jr., Assistant Attorney General, Columbus, for respondent, Industrial Commission.

Manchester, Bennett, Powers & Ullman, Paul J. Fleming, of Counsel, Youngstown, for respondent, Youngstown Sheet & Tube Co.

**OPINION**

By MILLER, J.

This is an original action in mandamus wherein the relator is seeking an order commanding the respondent, the Industrial Commission of Ohio, to make an award and to allow and pay to Dr. T. K. Golden his claim for medical services rendered to the relator for injuries received in the course of his employment.

After setting forth the duties of the Commission and that the employer, the Youngstown Sheet & Tube Company, was a self-insurer under the Workmen's Compensation Act, the petition sets forth the relator's injury; that treatment was furnished by the employer which was not satisfactory, and that a motion was filed with the Commission for permission to employ said Dr Golden, an orthopedic specialist, for examination and further treatment. In answer to this motion it appears that the medical department of the employer offered to send the relator to a different orthopedic special-

ist for such services, but this offer was declined. The petition alleges further that the relator's motion was overruled by the Commission.

A demurrer is now filed to the petition by each of the respondents alleging that the facts stated therein do not constitute a cause of action. The question presented appears to be as follows: Does an injured employee of a self-insuring employer have the right to select his own physician or surgeon and to be reimbursed for medical expense so incurred, where the employer has been authorized by the Industrial Commission of Ohio to furnish surgical and medical service to its employees, and the employer is ready, able and willing to provide competent service to its employees?

The pertintent part of the statute relating to self-insurers is found in §1465-69 GC (§4123.35, R. C.), to wit:

"* * * Provided, that such employers and publicly owned utilities who will abide by the rules of the commission and who may be of sufficient financial ability to render certain the payment of compensation to injured employees or the dependents of killed employees, and the furnishing of medical, surgical, nursing, and hospital attention and services and medicines, and funeral expenses, equal to or greater than is provided for in §§4123.52, 4123.55 to 4123.62, inclusive, and 4123.64 to 4123.67, inclusive, of the Revised Code, and who do not desire to insure the payment thereof or indemnify themselves against loss sustained by the direct payment thereof, may, upon a finding of such fact by the commission, elect to pay individually such compensation, and furnish such medical, surgical, nursing, and hospital services and attention and funeral expenses directly to such injured employees or the dependents of such killed employees. * * *"

It will be noted that this section requires a self-insuring employer to furnish medical treatments equal to or greater than is provided in §4123.52, et seq. of the Revised Code. Since there is no claim made that the employer's orthopedic surgeon was not qualified to provide the services required, we do not think that it could be said that the employer failed to furnish adequate medical services. The word "furnish" is defined in Webster's New International Dictionary as "To provide for; to provide what is necessary for; to fulfill or satisfy the needs of." The identical question presented here was answered by the Attorney General on December 16, 1943, in opinion No. 6546 in which he held:

"The Industrial Commission of Ohio does not have authority to grant an injured employee of a self-insuring employer the right to select medical, hospital or nursing services of his own choice, except in an emergency where the employer is unable to select and furnish the services.

"Furnishing medical, hospital and nursing services by a self-insuring employer that are clearly inadequate or incompetent does not give an injured employee the right to substitute services of his own choice so as to render the employer liable therefor, unless the employee has first secured authorization from the Industrial Commission to engage said services."

This opinion is in accord with our views on the question. But it is contended by the relator that the provisions of §1465-69 GC (§4123.35, R. C.) pertaining to self-insurers is unconstitutional and invalid. Citing **Article II, Sections 5 and 35.** We find that the constitutionality of the cited section of the Code has been upheld by our Supreme Court in the case of **State, ex rel, v. United States Fidelity & Guaranty Co., 96 Oh St 250,** the syllabus of which we quote:

"Section 22 of the workmen's compensation act (103 Ohio Laws, 80) now §1465-69 GC, authorizing 'employers who will abide by the rules of the state liability board of awards and as may be of sufficient financial ability or credit to render certain the payment of compensation to injured or killed employees or their dependents, to pay individually the compensation provided in the act directly to injured employees or the dependents of killed employees', is a valid legislative enactment and is not in conflict with any of the provisions of the state or federal constitutions."

Also, in **Thornton v. Duffy et, 99 Oh St 120, Par. 3** of syllabus:

"The act of March 20, 1917 (107 O. L., 157, 159), amending §1465-69 GC, is a valid and constitutional exercise of the authority conferred upon the general assembly of Ohio by §35 of **Article II** of the **Constitution** of Ohio, and applies to all employers of labor mentioned in §1465-60 G.C."

We are therefore of the opinion that the petition fails to state a cause of action, and the demurrers will be sustained.

WISEMAN, PJ, and HORNBECK, J, concur.